UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MOSIER,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN BITER, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01332-DAD-SAB (PC)<br><br>FINDING AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 1] |

Plaintiff James Mosier is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

Currently before the Court is Plaintiff's complaint filed September 1, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff declined United States Magistrate Judge jurisdiction on September 8, 2016. (ECF No. 7.)

1

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

In 2011, Plaintiff was housed at the California Substance Abuse and Treatment Facility and State Prison (SATF) in Corcoran, California. After experiencing several seizures in early 2011, the medical staff at SATF sent Plaintiff to Dr. Pieneda, a private outside neurologist in Bakersfield for examination and consultation. On or about June 2011, Dr. Pienada diagnosed Plaintiff with partial complex epilepsy with uncontrollable seizure disorder. Dr. Pienada prescribed Plaintiff several different seizure medications, but the seizures continued to occur.

As a result of being diagnosed with partial complex epilepsy with uncontrollable seizure disorder, Plaintiff's comprehensive accommodation chrono was amended to document this physical

disability. The accommodation chrono restricted Plaintiff to ground level living quarters. The chrono is maintained in Plaintiff's main file which is accessible by all custody staff, including the Defendants in this action.

In 2012, Plaintiff's primary physician, Dr. Brown, amended Plaintiff's chrono to include the additional requirement that Plaintiff be provided with a helmet to protect him from injuries he might sustain as a result of the multiple uncontrollable seizures he was experiencing.

On February 13, 2016, Plaintiff was housed in the administrative segregation unit in building D-6 at the North Kern State Prison ("NKSP"). Plaintiff was housed in the lower tier cell and assigned a lower bunk due to his uncontrollable seizures.

Between February 13, 2016 and March 19, 2016, Plaintiff was rushed to the NKSP triage treatment area by custody correctional officers at least five times because of a seizure.

The administrative housing unit at NKSP where Plaintiff was housed had one fully functioning shower on the lower tier for use by ADA inmates, including Plaintiff. The ADA shower was equipped with side bars to assist ADA inmates and to prevent falls and resulting injury.

On March 19, 2016, Defendant Hurley was one of the third watch correctional officers assigned to the administrative segregation unit. Defendant Hurley escorted Plaintiff to the treatment triage area on at least one prior occasion after he experienced a seizure and knew Plaintiff was an ADA inmate who was restricted to the ground level tier for his safety. According to the complaint, Defendant Hurley failed and refused to provide Plaintiff with access to the lower tier ADA shower, but ordered Plaintiff to use the upper tier shower which was not equipped for ADA inmates. Defendant Hurley then placed Plaintiff in handcuffs and escorted Plaintiff to the upper tier shower. Defendant Hurley then forced Plaintiff into the upper tier shower, closed the gate security door and locked Plaintiff in the shower so that he could not leave.

After being locked in the shower by Defendant Hurley, Plaintiff began having a seizure. While Plaintiff was having an active seizure, Defendants Hurley, Flowers, Borquez and Sardinha, acting together and in concert, placed Plaintiff in handcuffs and leg and waist restraints, then physically dragged Plaintiff down the stairs to the ground level tier.

3

As a direct and proximate result of the Defendants' actions, Plaintiff suffered additional trauma to his skull from seizing and falling in a non-ADA equipped shower and bruises, scratches and other physical wounds from the Defendants' actions.

### III.

### DISCUSSION

#### A.     Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act (PLRA) of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face.  Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim, even at the screening stage); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

In California, a prison inmate satisfies the administrative exhaustion requirement by following the procedures set forth in sections 3084.1 through 3084.8 of Title 15 of the California Code of Regulations.  An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate…can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  The regulations require the

prisoner to proceed through all three levels of review.  See Cal. Code Regs. tit. 15, § 3084.2(a).  A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the third level of administrative review.  Id.

In the body of the complaint, Plaintiff states that he filed an administrative appeal, which was assigned appeal log number NKSP-D-16-01122, was partially granted at the first level of review.  In the first level response, Defendant Flowers acknowledged that "an error was made by ASU staff when they placed [Plaintiff] into a top tier shower" but denied any claim for financial compensation for Plaintiff's damages.  Plaintiff's administrative appeal for financial compensation is pending at the director's level of review.  However, Plaintiff is scheduled to be released from state custody on September 8, 2016, at which time Plaintiff contends the administrative appeal will be moot.

Plaintiff's failure to exhaust his administrative remedies prior to filing suit is clear from the face of the complaint.  Based on Plaintiff's concession of nonexhaustion, this action must be dismissed without prejudice.  Jones, 549 U.S. at 211; McKinney, 311 F.3d at 1199-1201; see also City of Oakland, Cal. v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust the administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice."); Albino, 747 F.3d at 1170 ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim"); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (the "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims.") (citing McKinney, 311 F.3d at 1199).  Although the Court would typically grant Plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the failure to exhaust cannot be cured by the allegation of additional facts.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

1   This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiffs may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 18, 2016**

UNITED STATES MAGISTRATE JUDGE